## COMMERCIAL CREDIT CORP. et al. v. TACKETT.

Court of Appeals of Kentucky.
May 16, 1952.

44

W. A. Johnson and Meade & Johnson, all of Paintsville, for appellants.

Wheeler & Wheeler, Paintsville, for appellee.

CLAY, Commissioner.

Appellee brought this suit to recover damages for alleged conversion of a stationwagon owned by him. The jury awarded him the sum of $500. On this appeal, appellants (designated "Commercial" and "Calvert") urge: (1) the general demurrer to the petition should have been sustained; (2) they were entitled to a directed verdict; and (3) the damages are excessive.

■ (1) The petition, while containing allegations concerning an insurance policy issued by Calvert which do not constitute a cause of action, does allege that both appellants "* * * took charge of said car without plaintiff's consent and against his will and sold same without right or authority to do so, * * *." We think this allegation, together with other facts pleaded, states a cause of action for conversion. Therefore, the general demurrer to the petition was properly overruled.

(2) Consideration of the question of appellants' right to a directed verdict requires a brief statement of facts proven. Appellee purchased the stationwagon in June 1949 under a conditional sales contract which was assigned to Commercial. Calvert issued a $50 deductible collision policy on the vehicle. On October 6 a collision caused some damage to the frame of the stationwagon. A garageman who had done work for Calvert was engaged to repair the damage. The repairs made necessary by the accident came to $47. The garageman presented appellee with a bill for $178.10, which covered other work as well.

Appellee apparently lost interest in his stationwagon, and it remained in the garage until January 11, 1950. He never paid for the repairs. On or about that date, Commercial repossessed the vehicle and sold it. At that time several payments on the conditional sales contract were overdue and unpaid, and appellee admitted in his testimony that Commercial had a right to take back the vehicle if he defaulted in his payments.

■ Appellee failed to prove that Calvert had anything to do with the repossession or the sale of this vehicle, and consequently a verdict should have been directed for it. Insofar as Commercial is concerned, appellee admitted that company had the right to repossess the vehicle. His only claim for damages against it would be that it made the sale without notice to him (as he testified), and he suffered damage by reason of the loss of his equity. However, the evidence fails to show Commercial realized, or could have realized, more from the sale of the stationwagon than the balance due on the conditional sales contract. Therefore, appellee proved no right to damages against Commercial, and a verdict should have been directed for it.

It may be noted the instructions did not authorize the jury to return a verdict against Commercial. However, the judgment was against both appellants, and seems to have been based on some supposed liability arising out of the Calvert insurance policy. As before noted, appellee's stated cause of action was for conversion, and by no stretch of the imagination could the in-

surance policy have been the basis of this liability. We might say in passing that from every viewpoint this case was most strangely practiced by all parties.

(3) It is unnecessary to consider the question of excessiveness of damages since we have already decided that under the proof appellee was entitled to no recovery at all.

The judgment is reversed for consistent proceedings.